Weldon, J.,
delivered the opinion of the court:
It is alleged in the petition of the claimant that he was stationed at Fort Brown, in the State of Texas, in November, 1883. On November 4, 1883, a leave of absence was granted to him for thirty days, upon which he went to the State of Michigan, and while there his leave was extended for thirty days. During the extended leave of absence, petitioner was ordered before a retiring board convened at Fort Snelling, in the State of Minnesota.
The petition also alleges that the petitioner, on the 16th of January, 1884, was placed on leave of absence, and before the expiration thereof he was relieved of duty in the Department of Texas and ordered to Fort Keogh. The claim is made for mileage from Tecumseh, in the State of Michigan, to Fort Keogh, in the Territory of Montana. No transportation having been furnished the petitioner, the amount claimed is $112.80.
The findings show that the claimant in going to Fort Keogh was returning from his home, after an expiration of his leave of absence, to his command, the location of which had been, during his absence, changed from the State of Texas to the Territory of Montana.
There is no certificate that the travel was necessary for the public service, so as to make it a special service. The fact that he was ordered before a retiring board, and failed to be discharged on account of being incapacitated for active service, is not important in this case, as for that special service he makes no claim.
The distance the petitioner traveled in going to his command, as it was changed during his absence, was less than if he had gone to the place at which it was stationed at the time his leave was first granted.
The Act March 3,1883 (22 Stat. L., p. 456), requires that ‘‘the necessity for such travel in the military service shall be certified by the officer issuing the order, and stated in said order.”
*376 The order issued to the claimant to return to his command, dated on the 24th of January, 1884, does not show “ the necessity for such travel,” and this defect is sufficient in law to prevent the claimant from recovering on the case made in his petition.
It is the judgment of the court that the petition be dismissed.