Howrt, J.,
dissenting:
Plaintiff traveled without the certificate of the officer issuing the order showing the necessity for the travel. Such necessity -under the plain provisions of the statute must have appeared by certificate from the officer and stated in the order when given. And such an order could have been had' for the asking if the necessity existed.
In Romeyn v. United States, 20 C. Cls., 373, this act was construed and payment denied because of the absence of a certificate. The decision was merely the application of the wholesome and salutary rule declared by the statute to prevent useless travel at Government expense, and to enable the proper department to know where its officers were going and what they were going for. The decision of the court was unanimous in its construction of the law, and the rule declared has been in force for twenty years in'the Army and at the Treasury. There are emergencies (though extremely rare) when urgent public duty might compel travel without an order showing the necessity for it, and the regulations fit that kind of a case. But when to entitle one to mileage the law requires a certificate from the officer issuing the order which shall state the necessity for the travel the emergency should appear before the regulations can operate to cure the omission. Executive officers are as much *246 bound by the law as anybody, and they can not by regulations supersede or set aside the statute. Courts can not alter the law by incorporating into the statute a regulation that can only have application when urgent public duty has compelled the travel without proper authority obtained previous to incurring the expense. The case at bar does not come within the regulations because the travel was not immediately reported to the proper superior officer. The approval in subsequent orders was dependent upon an immediate report. As no evidence is produced aliunde the order to show the necessity of the travel there is neither law nor regulation authorizing the payment.
In the act of August 6, 1894 .(28 Stat. L., 237), it is provided that “ all orders involving the payment of mileage shall state the special duty enjoined.” No order ever given enjoined any public duty in this case. The leave of absence granted took this officer of£ duty. The necessity to get so far awajr from his command as to make up a mileage claim to the seat of government and at leisure then to make up another travel account to get back to his regiment does not appear either in fact or in the necessary order.
I am requested to say that Atkinson, J., concurs in the views set forth in this dissenting opinion.